**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

*****************************************X

HUNTLEY C. DUNSTAN,                              Civil Action No. _____

        Plaintiff,

                                                   **COMPLAINT AND JURY DEMAND**

- against –

TIME DEFINITE SERVICES, INC., MALCUM
WASHINGTON, NY MACHINERY INC. and ERNESTO
CASTRO,

        Defendants.

*****************************************X

Plaintiff, **HUNTLEY C. DUNSTAN,** by and through his attorneys**, THE SALVO LAW FIRM P.C,** respectfully alleges as follows:

**PRELIMINARY STATEMENT**

1. This is a civil action arising from a motor vehicle accident involving three (3) motor vehicles.

**JURISDICTION AND VENUE**

2. Jurisdiction is founded upon 28 U.S.C. § 1332, based upon diversity of citizenship and the amount in controversy exceeds $75,000.00.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

**PARTIES**

4. At the times herein mentioned, Plaintiff, **HUNTLEY C. DUNSTAN,** was and still is a resident of the County of Kings and State of New York.

5. At the times herein mentioned, Defendant, **TIME DEFINITE SERVICES, INC.**, is a domestic corporation duly organized and existing pursuant to the laws of the State of Illinois and maintained a place of business at 1360 Madeline Lane, Suite 300, Elgin, IL 60124.

6. At the times herein mentioned, Defendant, **TIME DEFINITE SERVICES, INC.**, is a professional corporation duly organized and existing pursuant to the laws of the State of Illinois and maintained a place of business at 1360 Madeline Lane, Suite 300, Elgin, IL 60124.

7. At the times herein mentioned, Defendant, **TIME DEFINITE SERVICES, INC.** is a foreign corporation duly authorized and qualified to conduct business in the State of Illinois, and maintained a place of business at 1360 Madeline Lane, Suite 300, Elgin, IL 60124.

8. That at all times herein mentioned, Defendant, **TIME DEFINITE SERVICES, INC.**, is a foreign corporation neither authorized nor qualified to conduct business in the State of Illinois, and maintained a place of business at 1360 Madeline Lane, Suite 300, Elgin, IL 60124.

9. That at all times hereinafter mentioned, Defendant **TIME DEFINITE SERVICES, INC.**, was and still is a limited liability company organized and existing under and by the virtue of the laws of the State of Illinois and maintained a place of business at 1360 Madeline Lane, Suite 300, Elgin, IL 60124.

10. That at all times hereinafter mentioned, Defendant, **TIME DEFINITE SERVICES, INC.**, was and still is a partnership duly organized and existing under and by the virtue of the laws of the State of Illinois and maintained a place of business at 1360 Madeline Lane, Suite 300, Elgin, IL 60124.

11. That at all times hereinafter mentioned, Defendant, **TIME DEFINITE SERVICES, INC.**, was and still is a sole proprietorship duly organized and existing under and

by virtue of the laws of the State of Illinois and maintained a place of business at 1360 Madeline Lane, Suite 300, Elgin, IL 60124.

12. At the times herein mentioned, Defendant, **MALCUM WASHINGTON,** was and still is a resident of the County of Providence and State of Rhode Island.

13. At the times herein mentioned, Defendant, **NY MACHINERY INC**., is a domestic corporation duly organized and existing pursuant to the laws of the State of New Jersey and maintained a place of business at 609 Chancellor Avenue, Irvington, New Jersey 07111.

14. At the times herein mentioned, Defendant, **NY MACHINERY INC**., is a professional corporation duly organized and existing pursuant to the laws of the State of New Jersey and maintained a place of business at 609 Chancellor Avenue, Irvington, New Jersey 07111.

15. At the times herein mentioned, Defendant, **NY MACHINERY INC.,** is a foreign corporation duly authorized and qualified to conduct business in the State of New Jersey, and maintained a place of business at 609 Chancellor Avenue, Irvington, New Jersey 07111.

16. That at all times herein mentioned, Defendant, **NY MACHINERY INC.,** is a foreign corporation neither authorized nor qualified to conduct business in the State of New Jersey, and maintained a place of business at 609 Chancellor Avenue, Irvington, New Jersey 07111.

17. That at all times hereinafter mentioned, Defendant, **NY MACHINERY INC.,** was and still is a limited liability company organized and existing under and by the virtue of the laws of the State of New Jersey and maintained a place of business at 609 Chancellor Avenue, Irvington, New Jersey 07111.

18. That at all times hereinafter mentioned, Defendant, **NY MACHINERY INC.,** was and still is a partnership duly organized and existing under and by the virtue of the laws of the State of New Jersey and maintained a place of business at 609 Chancellor Avenue, Irvington, New Jersey 07111.

19. That at all times hereinafter mentioned, Defendant, **NY MACHINERY INC.,** was and still is a sole proprietorship duly organized and existing under and by virtue of the laws of the State of New Jersey and maintained a place of business at 609 Chancellor Avenue, Irvington, New Jersey 07111.

20. At the times herein mentioned, Defendant, **ERNESTO CASTRO,** was and still is a resident of the County of Baltimore and State of Maryland.

21. Upon information and belief, that at all the times hereinafter mentioned, a 2017 VOLVO TRACTOR bearing license plate number P754482 was owned by Defendant, **TIME DEFINITE SERVICES, INC.**

22. Upon information and belief, that at all the times hereinafter mentioned, a 2017 VOLVO TRACTOR bearing license plate number P754482 was operated by defendant, **MALCUM WASHINGTON** with the knowledge, permission and consent of the owner, **TIME DEFINITE SERVICES, INC.**

23. Upon information and belief, that at all the times hereinafter mentioned, a 2017 VOLVO TRACTOR bearing license plate number P754482 was maintained by defendant, **MALCUM WASHINGTON.**

24. Upon information and belief, that at all the times hereinafter mentioned, a 2017 VOLVO TRACTOR bearing license plate number P754482 was maintained by defendant, **TIME DEFINITE SERVICES, INC.**

25. Upon information and belief, that at all the times hereinafter mentioned, a 2017 VOLVO TRACTOR bearing license plate number P754482 was controlled by defendant, **MALCUM WASHINGTON.**

26. Upon information and belief, that at all the times hereinafter mentioned, a 2017 VOLVO TRACTOR bearing license plate number P754482 was controlled by defendant, **TIME DEFINITE SERVICES, INC.**

27. Upon information and belief, that at all the times hereinafter mentioned, a 2002 ISU FREIGHT bearing license plate number XR517C was owned by Defendant, **NY MACHINERY INC.**

28. Upon information and belief, that at all the times hereinafter mentioned, a 2002 ISU FREIGHT bearing license plate number XR517C was operated by defendant, **ERNESTO CASTRO** with the knowledge, permission and consent of the owner, **NY MACHINERY INC.**

29. Upon information and belief, that at all the times hereinafter mentioned, a 2002 ISU FREIGHT bearing license plate number XR517C was maintained by defendant, **ERNESTO CASTRO**.

30. Upon information and belief, that at all the times hereinafter mentioned, a 2002 ISU FREIGHT bearing license plate number XR517C was maintained by defendant, **NY MACHINERY INC.**

31. Upon information and belief, that at all the times hereinafter mentioned, a 2002 ISU FREIGHT bearing license plate number XR517C was controlled by defendant, **ERNESTO CASTRO**.

32. Upon information and belief, that at all the times hereinafter mentioned, a 2002 ISU FREIGHT bearing license plate number XR517C was controlled by defendant, **NY MACHINERY INC.**

## FACTUAL ALLEGATIONS/THE ACCIDENT

33. That at all the times hereinafter mentioned, the automobile collision occurred on the date described below, in the State of New Jersey, in the location described below, on a public highway much used and traveled by the general public:

**DATE & TIME:** Saturday, November 24, 2018 at approximately 6:20 am

**LOCATION:** Westbound on the New Jersey Turnpike, PA extension in Florence Township, Burlington County, State of New Jersey.

34. That the motor vehicle collision occurred while Plaintiff, **HUNTLEY C. DUNSTAN,** was the operator of a 2016 CHEVY CRUZ with the knowledge, permission and consent of the owner, Kevin Franklin, and was in collision with the VOLVO TRACTOR bearing license plate number P754482 and the TRUCK bearing license plate number XR517C due to the negligence of the Defendants and/or each of them, causing the Plaintiff to sustain severe and serious personal injuries.

35. That the VOLVO TRUCK bearing license plate number P754482 suddenly and without warning made an illegal U-turn from the Westbound lane crossing over to the Eastbound lane causing the TRUCK bearing license plate number XR517C to come into contact with each other's trucks and subsequently causing the truck bearing license plate number XR517C to cut off the motor vehicle of the Plaintiff and striking Plaintiff's motor vehicle.

## **COUNT ONE**
**NEGLIGENCE (against all Defendants)**

36. Plaintiff repeats and realleges each and every paragraph of this Complaint as if fully set forth herein.

37. The Defendants and/or each of them were negligent for making an improper U-turn and/or following too close; in failing to have their respective motor vehicles in proper condition and repair; in failing to observe the road and more particularly the Plaintiff(s); in failing to keep a proper and adequate look out; in being inattentive; in proceeding at an excessive, dangerous and unlawful rate of speed under the circumstances then and there existing; in driving carelessly; in failing to give the Plaintiff any signal or warning of their approach; in failing to keep and maintain a safe and proper distance between his motor vehicle and other vehicles on the public highway; in failing to make proper use of steering mechanism; in failing to make proper use of braking mechanism; in failing to stop in time to avoid this occurrence; in failing to obey traffic signals, controls and regulations; in failing to yield the right of way; in failing to have the motor vehicle under proper management and control; and in general the said Defendants and/or each of them were otherwise careless, negligent, imprudent and hazardous in the respective ownership, operation, management and control of his (their) motor vehicle(s).

38. That the aforesaid accident and resulting injuries to the Plaintiff was caused wholly and solely by reason of the negligence of the Defendants and/or each of them as aforesaid, and without any negligence on the part of the Plaintiff contributing in any thereto.

39. That solely by reason of the foregoing and by reason of the negligence of the Defendants and/or each of them as aforesaid, the Plaintiff herein was severely and seriously injured, bruised, and wounded, suffered and still suffers and, upon information and belief, will

continue to suffer for some time to come great physical and mental pain and great bodily injury; became sick, sore, lame and disabled; he required medical aid and attention, and upon information and belief, will, in the future, require and be caused to spend diverse and large sums of money in an attempt to cure him of said injuries, for medical aid and attention, and upon information and belief, will in the future, be incapacitated from attending to his employment and vocation, and upon information and belief, the Plaintiff has been permanently injured.

**WHEREFORE,** Plaintiff demands judgment as against the Defendants in all causes of actions in the sum of sufficient to adequately compensate Plaintiff; together with the costs and disbursements of this action and for any and such other relied as the Court may deem in just and proper under the circumstances.

Dated:  December 2, 2019

## DEMAND FOR JURY TRIAL

Plaintiff Huntley C. Dunstan hereby demands a trial by jury on all issues so triable.

Dated:  December 2, 2019

        THE SALVO LAW FIRM, PC

        By:  /s/  Cindy D. Salvo
           CINDY D. SALVO

        185 Fairfield Avenue, Suite 3C/3D
        West Caldwell, New Jersey 07006
        (973) 226-2220
        (973) 900-8800 (fax)
        csalvo@salvolawfirm.com

        Attorneys for Plaintiff,
        Huntley C. Dunstan